## UNITED STATES of America, Plaintiff–Appellee,

v.

## Robert Golden ROSE, Sr.; Defendant–Appellant,

## Melvin A. Lambert; Wynona Lambert, Defendants.

## United States of America, Plaintiff–Appellee,

v.

## Robert Golden Rose, Sr., Defendant–Appellant.

### No. 01–1555.

United States Court of Appeals, Eighth Circuit.

Submitted Aug. 6, 2001.

Filed Aug. 8, 2001.

Before BOWMAN, FAGG, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

---

1. The HONORABLE PAUL A. MAGNUSON, then Chief Judge of the United States District Court for the District of Minnesota.

PER CURIAM.

Robert Golden Rose, Sr., appeals the district court's imposition of sentence following Rose's conviction on drug and firearm charges. On appeal, counsel moved to withdraw and filed a brief under *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). In his *Anders* brief, counsel argues Rose's sentence is illegal and his original counsel was ineffective. We affirm.

We begin by noting Rose bargained for and pleaded to the sentence he received and did not challenge it below. *See United States v. Nguyen*, 46 F.3d 781, 783 (8th Cir.1995) ("A defendant who explicitly and voluntarily exposes himself to a specific sentence may not challenge that punishment on appeal."). In any event, based on Rose's failure to premise his illegal sentencing claim on any of the grounds enumerated in 18 U.S.C. § 3742, we do not have jurisdiction to consider his claim. We decline to consider Rose's challenge to the effectiveness of his original counsel in this direct appeal. *See Garrett v. United States*, 78 F.3d 1296, 1304 (8th Cir.), *cert. denied*, 519 U.S. 956, 117 S.Ct. 374, 136 L.Ed.2d 264 (1996); *United States v. Jackson*, 41 F.3d 1231, 1234 (8th Cir.1994) (per curiam). Finally, having reviewed the record independently in accordance with *Penson v. Ohio*, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988), and finding no other nonfrivolous issues, we affirm the district court and grant counsel's motion to withdraw.